1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

ROBERT E. CROWE; FLAGCRAFTERS, INC.,

                              Plaintiffs,

        vs.

MERRILL LYNCH; FRANDZEL ROBINS BLOOM & CSATO,

                              Defendants.

CASE NO. 08 cv 2171 JM (JMA)

**ORDER:**
**1) GRANTING DEFENDANTS'**
**MOTION TO DISMISS and**
**2) DENYING PLAINTIFF'S**
**MOTION FOR EXTENSION OF**
**TIME TO RESPOND**

Doc. Nos. 3 and 5

        Plaintiff Robert E. Crowe ("Crowe"), proceeding *pro se*, filed a Complaint (Doc. No. 1, "Complaint") on November 24, 2008 on behalf of Plaintiff Flagcrafters, Inc. ("Flagcrafters"). The Complaint alleged violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq., "FDCPA") by Defendants Merrill Lynch Commercial Finance Corporation ("MLCFC"), erroneously sued as Merrill Lynch, and Frandzel Robins Bloom & Csato, L.C. ("FRBC" and collectively with MLCFC, "Defendants"). Although no facts are alleged in Plaintiff's Complaint, the dispute appears to arise from a commercial lending arrangement between MLCFC and Flagcrafters. Pending before the court is Defendants' motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6),[1] or, alternatively, for a more definite statement. (Doc. No. 3, "Motion".) One week after the deadline to

[1]All Rule references contained hereinafter are to the Federal Rules of Civil Procedure.

respond, Plaintiff Crowe filed a motion for an extension of time, attaching a "response" which failed to address most of the points made in Defendants' motion.  (Doc. No. 5.)  Pursuant to Civil L.R. 7.1(d)(1), this matter was taken under submission by the court on January 23, 2009.  For the reasons set forth below, the court **DENIES** Plaintiff's motion for an extension of time (Doc. No. 5) and **GRANTS** the motion to dismiss (Doc. No. 3).

//

**DISCUSSION**

**A. Defendants' Motion to Dismiss**

As a first consideration, the Complaint is subject to dismissal as Flagcrafters, a corporate entity, may not appear in federal court unless represented by licensed counsel.  U.S. v. High Country Broadcasting Co., 3 F.3d 1244, 1245 (9th Cir. 1993).  From Plaintiff Crowe's submissions, it appears he initiated this action on Flagcrafters' behalf and has made no personal claims against Defendants. For Flagcrafters to proceed before this court, it must be represented by licensed counsel.[2]

Second, the Complaint wholly fails to meet the pleading standards provided by Rule 8(a), which requires a statement of the court's jurisdiction, a "short and plain statement of the claim showing that the pleader is entitled to relief[,]" and "a demand for relief."  Here, although the Complaint references the FDCPA, no basis for this court's jurisdiction is expressly alleged.  Neither has any demand for relief been made.[3]  With respect to the short and plain statement, the court notes a complaint "does not need *detailed* factual allegations," but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, __, 127 S.Ct. 1955, 1964 (2007)(emphasis added, internal citations omitted).  Here, the Complaint merely alleges in conclusory fashion that Defendants violated FDCPA.

Third, the Complaint fails to state a claim upon which relief may be granted under Rule 12(b)(6).  Rule 12(b)(6) dismissal is proper only in "extraordinary" cases, U.S. v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981), and should be granted only where the complaint lacks either a

---

[2]Defendants argue the Complaint violates Rule 11 because it is unsigned.  The court notes Plaintiff Crowe's signature on the caption page of the filing.

[3]The court notes the Civil Cover Sheet does not form part of the Complaint.  All Rule 8 requirements must be met through the Complaint itself.

1    "cognizable legal theory" or facts sufficient to support a cognizable legal theory. <u>Balistreri v. Pacifica</u>

2    <u>Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).  The Complaint simply recites statutory language

3    from one FDCPA provision, and alleges Defendants "threatened to file suit" on August 4, 2008.  Even

4    if the allegations were true, FDCPA standards are inapplicable to the parties' dispute since it arises

5    from a commercial, rather than consumer, debt transaction.[4]  See <u>Bloom v. I.C. System, Inc.</u>, 972 F.2d

6    1067, 1069 (9th Cir. 1992) ("The only issue is whether this intended use can be characterized as

7    'primarily for personal, family or household purposes.'" (citing 16 U.S.C. § 1692a(5)).  Plaintiff

8    Crowe has therefore failed to demonstrate a viable legal theory or to allege facts to support such a

9    theory in federal court.

10   //

11   **B. Plaintiff's Motion for an Extension of Time**

12        Plaintiff submitted an untimely response to the motion to dismiss, accompanied by a request

13   for an extension of time to respond.  (Doc. No. 5.)  In support of his request, Plaintiff Crowe offers

14   he has attempted to contact various parties to resolve the matter without litigation.  He makes no

15   showing of good cause for an extension of time to respond in an action he himself initiated.

16   Therefore, motion for extension of time is **DENIED**.  For the purposes of the pending motion to

17   dismiss, Plaintiff's response has not been considered.

18        However, in Plaintiff's proferred response, he evidenced a desire to expand upon the initial

19   pleadings set forth in the Complaint.  Although leave to amend may not be warranted where a

20   complaint can not be cured by amendment, such leave should be granted freely for *pro se* litigants.

21   See <u>Steckman v. Hart Brewing, Inc.</u>, 143 F.3d 1293, 1298 (9th Cir. 1998); <u>Hernandez v. Denton</u>, 861

22   F.2d 1421, 1423 (9th Cir. 1988).  Thus, the court **GRANTS** leave to amend, but notes that if

23   Flagcrafters chooses to do so, it must cure all deficiencies noted in the preceding paragraphs.

24   //

25   <u>**CONCLUSION**</u>

26        For the reasons set forth above, Defendants' motion to dismiss (Doc. No. 3) is **GRANTED**

27

28        [4]Plaintiff essentially concedes this point in his request for an extension of time.  (Doc. No. 5, Exh. 1 ¶ 1.)

1   without prejudice and with leave to amend, and Plaintiff's motion for an extension of time to respond

2   to the motion (Doc. No. 5) is **DENIED**.  The Clerk of Court is instructed to close the case file.

3        Plaintiffs shall file and serve a First Amended Complaint **<u>no later than 45 days</u>** from the date

4   of entry of this order.

5        **IT IS SO ORDERED.**

6   DATED:  January 30, 2009

7

8                   Hon. Jeffrey T. Miller
                     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28